IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Nogozi Ukaegbu, ) | |
| ) | C/A No. 3:14-1696-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Tuomey Regional Medical Center, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Nogozi Ukaegbu filed the within action on April 29, 2014, against Defendants Tuomey Regional Medical Center ("Tuomey"); Tracey D. Flemming, M.D. ("Flemming"); Gregory A. Finch, P.A. ("Finch"); and Midlands Emergency Physicians, P.A. ("Midlands"). Plaintiff contends that Flemming and Finch were on duty on December 31, 2011, when Plaintiff twice presented at the Tuomey emergency room for "psychiatric problems." Plaintiff alleges Flemming and Finch failed to obtain a psychiatric evaluation to determine the extent of care and treatment required for Plaintiff before discharging him. After he was discharged from the second visit, Plaintiff was struck and severely injured by a vehicle while he walking in the road less than a mile and a half from Tuomey. Plaintiff asserts a claim for medical negligence as to Flemming and Finch; a claim that Midlands is liable for the acts and omissions of Flemming and Finch under the doctrine of respondeat superior; and a claim that Tuomey is liable for the acts and omissions of Flemming and Finch under the doctrine of a nondelegable duty, as well as for the negligence of its nurses and other staff.

Tuomey filed an answer on May 20, 2014, in which it asserted, among other things:

> 25. Tuomey asserts the protections of *South Carolina Code* §33-56-10, et. seq., known as the South Carolina Solicitation of Charitable Funds Act, including without limitation, a bar to recovery and/or limitation of liability limits and/or limitation of degree of actionable conduct.

ECF No. 10.

In support of its defense, Tuomey filed a motion for judicial notice of 501(c)(3) status, to extend time, and for partial summary judgment filed by Tuomey on March 9, 2016. Tuomey contends that it is a charitable organization under S.C. Code Ann. § 33-56-170[1] because it is exempt from taxation under section 501(c)(3) of the Internal Revenue Code, and therefore entitled to the limits of liability under S.C. Code Ann. § 33-56-180.[2] Plaintiff filed a response in opposition on March 28, 2016. The court held a hearing on June 14, 2016.

---

[1] Section 33-56-170 provides:

> For purposes of Section 33-56-180:
>
> (1) "Charitable organization" means any organization, institution, association, society, or corporation which is exempt from taxation pursuant to Section 501(c)(3) or 501(d) of Title 26 of the United States Code, as amended.

[2] Section 33-56-180 provides:

> A person sustaining an injury or dying by reason of the tortious act of commission or omission of an employee of a charitable organization, when the employee is acting within the scope of his employment, may recover in an action brought against the charitable organization only the actual damages he sustains in an amount not exceeding the limitations on liability imposed in the South Carolina Tort Claims Act in Chapter 78 of Title 15. An action against the charitable organization pursuant to this section constitutes a complete bar to any recovery by the claimant, by reason of the same subject matter, against the employee of the charitable organization whose act or omission gave rise to the claim unless it is alleged and proved in the action that the employee acted in a reckless, wilful, or grossly negligent manner, and the employee must be joined properly as a party defendant. A judgment against an employee of a charitable organization may not be returned unless a specific finding is made that the employee acted in a reckless, wilful, or grossly negligent manner.
> . . . .

At the hearing, the court observed that Tuomey, although arguing that it is entitled to 501(c)(3) status, failed to provide the court with the "necessary information" to support its claim. See Fed. R. Evid. 201. Accordingly, the court ordered Tuomey to produce documentation demonstrating its 501(c)(3) status. In addition, the court directed the parties to provide additional briefing as to Plaintiff's argument that, even if Tuomey is a charitable organization, it is not entitled to the protections of the South Carolina Tort Claims Act because Flemming and Finch are independent contractors rather than employees of Tuomey.

## DISCUSSION

A.     501(c)(3) Status

On June 28, 2016, Tuomey provided the court with copies of correspondence and other materials tending to show that Tuomey was granted exemption from federal income tax under section 501(c)(3) in August 1922 and that such tax exempt status remains in effect until terminated, modified, or revoked by the Internal Revenue Service. Tuomey also submitted an affidavit of Thomas F. Moran, an attorney and tax specialist who is familiar with the corporate status of Tuomey as a 501(c)(3) charitable organization. The court is satisfied that Tuomey has provided the necessary information for the court conclude Tuomey is a charitable organization within the meaning of section 33-56-170.

B.     Affect of South Carolina Tort Claims Act

Plaintiff contends that, even if Tuomey is a charitable organization, the limitations of liability set forth in the South Carolina Tort Claims Act do not apply because Flemming and Finch are not employees of Tuomey, but rather are independent contractors whose services are provided for the Tuomey emergency room through Midlands.

The general rule is that an employer is not vicariously liable for the negligent acts of an independent contractor. See e.g., Rock Hill Tele. Co. v. Globe Comm'ns, Inc., 611 S.E.2d 235, 238 (S.C. 2005) (citing Duane v. Presley Constr. Co., 244 S.E.2d 509, 510 (1978)). However, Plaintiff relies on an exception to the general rule in order to assert Tuomey's accountability for the alleged negligence of Flemming and Finch. The exception provides that "a person who delegates to an independent contractor an absolute duty owed to another person remains liable for the negligence of the independent contractor just as if the independent contractor were an employee." Gary v. Askew, 2016 WL 3079038 , *5 (S.C. Ct. App. June 1, 2016).

As the South Carolina Supreme Court in Simmons v. Tuomey Reg'l Med. Ctr., 533 S.E.2d 312, 317 (S.C. 2000), explained:

> The term "nondelegable duty" is somewhat misleading. A person may delegate a duty to an independent contractor, but if the independent contractor breaches that duty by acting negligently or improperly, the delegating person remains liable for that breach. It actually is the liability, not the duty, that is not delegable. The party which owes the nondelegable duty is vicariously liable for negligent acts of the independent contractor.

In Simmons, the supreme court held that a hospital owes a nondelegable duty to render competent service to its emergency room patients. 533 S.E.2d at 322. In doing so, the Simmons court adopted the approach expressed in Restatement (Second) of Torts: Employers of Contractors § 429:

> One who employs an independent contractor to perform services for another which are accepted in the reasonable belief that the services are being rendered by the employer or by his servants, is subject to liability for physical harm caused by the negligence of the contractor in supplying such services, to the same extent as though the employer were supplying them himself or by his servants.

Simmons, 533 S.E.2d at 322.

It follows that, if Tuomey is liable for the negligence of Flemming and Finch "to the same extent as though" Tuomey or its employees were supplying their services, Tuomey's liability, if any, is limited by the constraints on recovery set forth in the South Carolina Tort Claims Act, specifically S.C. Code Ann. § 15-78-120(a), which provides, in pertinent part:

> (a) For any action or claim for damages brought under the provisions of this chapter, the liability shall not exceed the following limits:
>
> (1) Except as provided in Section 15-78-120(a)(3), no person shall recover in any action or claim brought hereunder a sum exceeding three hundred thousand dollars because of loss arising from a single occurrence regardless of the number of agencies or political subdivisions involved.
>
> (2) Except as provided in Section 15-78-120(a)(4), the total sum recovered hereunder arising out of a single occurrence shall not exceed six hundred thousand dollars regardless of the number of agencies or political subdivisions or claims or actions involved.
>
> (3) No person may recover in any action or claim brought hereunder against any governmental entity and caused by the tort of any licensed physician or dentist, employed by a governmental entity and acting within the scope of his profession, a sum exceeding one million two hundred thousand dollars because of loss arising from a single occurrence regardless of the number of agencies or political subdivisions involved.
>
> (4) The total sum recovered hereunder arising out of a single occurrence of liability of any governmental entity for any tort caused by any licensed physician or dentist, employed by a governmental entity and acting within the scope of his profession, may not exceed one million two hundred thousand dollars regardless of the number of agencies or political subdivisions or claims or actions involved.
>
> (5) The provisions of Section 15-78-120(a)(3) and (a)(4) shall in no way limit or modify the liability of a licensed physician or dentist, acting within the scope of his profession, with respect to any action or claim brought hereunder which involved services for which the physician or dentist was paid, should have been paid, or expected to be paid at the time of the rendering of the services from any source other than the salary appropriated by the governmental entity or fees received from any practice plan authorized by the employer whether or not the practice plan is incorporated and registered with the Secretary of State.

Plaintiff argues that, even if the Act applies, Tuomey has failed to address which subsection of section 15-78-102(a) applies. In the court's view, a finding on the applicable limitation is premature and would better be determined by the court after trial should Plaintiff obtain a verdict in his favor.

## CONCLUSION

For the reasons stated, Tuomey's motion for judicial notice is **granted**. Its motions for extension of time and partial summary judgment are denied as moot. Moreover, the court concludes that Tuomey is vicariously responsible for the alleged torts of Flemming and Finch only to the extent set forth in the South Carolina Tort Claims Act.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

July 27, 2016